Nathan A. Huey
Michael P. Sarabia
Gordon Rees Scully Mansukhani, LLP
283 West Front Street, Suite 003
Missoula, MT 59802
Telephone: 406.218.4074
nhuey@grsm.com; msarabia@grsm.com
hslowik@grsm.com
*Attorneys for Defendants and Counterclaimant*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA - BUTTE DIVISION

| | |
|---|---|
| ALYSHA JEFFERY,<br>Plaintiff,<br>v.<br><br>UNDER CANVAS INC., VICTORIA FORHAN, SEAN RUSH, and JOHN DOES 1-50.<br>Defendants.<br><br>UNDER CANVAS INC.,<br>Defendant/Counterclaimant,<br>v.<br><br>ALYSHA JEFFERY,<br>Plaintiff/Counterclaim Defendant. | Case No. CV-24-181-BU-KLD<br><br>**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT, COUNTERCLAIM, AND JURY DEMAND** |

Defendants Under Canvas Inc., Victoria Forhan and Sean Rush (collectively "Defendants"), by and through their undersigned counsel, respectfully submit their Answer to the Second Amended Complaint and Jury Demand and herein admit,

deny, and allege as follows:

**JURISDICTION AND VENUE**

1. Answering Paragraph 1, Defendants admit, upon information and belief, that Plaintiff was a resident of Silver Bow County, Montana during the time she was employed by Under Canvas. Defendants further admit, upon information and belief, that Plaintiff remotely performed her employment for Under Canvas from Silver Bow County, Montana most of the time.

2. Answering Paragraph 2, Defendants admit Under Canvas is a Delaware corporation. Defendants deny that Under Canvas' principal place of business is in Montana. Defendants admit Under Canvas employs Montana residents to conduct business in Montanan and owns property in Montana. Defendants deny that Under Canvas unlawfully terminated Plaintiff or failed to pay Plaintiff wages.

3. Answering Paragraph 3, Defendants admit Victoria Forhan is Under Canvas' Vice President of Human Resources and Compliance. Defendants deny that Ms. Forhan failed to pay Plaintiff wages.

4. Answering Paragraph 4, Defendants admit Sean Rush is Under Canvas' Chief Operating Officer. Defendants deny that Mr. Rush failed to pay Plaintiff wages.

5. Answering Paragraph 5, Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore deny

the same.

6. Answering Paragraph 6, Defendants do not dispute the venue chosen for the state court action.

7. Answering Paragraph 7, Defendants do not contest the jurisdiction of the state court; Defendants have timely removed the matter to federal court.

**FACTS**

8. Answering Paragraph 8, Defendants admit.

9. Answering Paragraph 9, Defendants admit Plaintiff worked for Under Canvas from April 19, 2021 to March 1, 2025. Defendants deny Plaintiff was unlawfully terminated.

10. Answering Paragraph 10, Defendants, upon information and belief, admit.

11. Answering Paragraph 11, Defendants admit.

12. Answering Paragraph 12, Defendants admit.

13. Answering Paragraph 13, Defendants admit Paragraph 13 insofar as Plaintiff reported to Amanda Margheim from March 2023 through November 2023. On November 30, 2023, Plaintiff began reporting to Victoria Forhan, who was hired as Vice President of Human Resources & Risk and Compliance on November 27, 2024.

14. Answering Paragraph 14, Defendants admit, however, Plaintiff began

reporting to Ms. Forhan on November 30, 2023.

15. Answering Paragraph 15, Defendants deny.

16. Answering Paragraph 16 of the Complaint:

a. Defendants admit Plaintiff was promoted to Director of Payroll and Benefits in October 2022.

b. Defendants deny Plaintiff was employee of the month in 2023.

c. Defendants admit Plaintiff was provided 5,446 Class D unit profit interest in UC Management Investment, LLC in February 2023. Such benefit is provided to all Under Canvas Director-level positions. Plaintiff's interest in the units had not vested at the time of her termination.

d. Defendants admit Plaintiff received an annual salary increase to $100,000 in November 2023. Defendants further admit Plaintiff was notified of her 10% annual bonus in November 2023.

e. Defendants admit Plaintiff received her 2023 bonus in January 2024.

17. Answering Paragraph 17, Defendants admit, upon information and belief, that Plaintiff lacks a college degree. Defendants object to Plaintiff's characterization of her work as a "success" she achieved through "hard work" and "determination" as vague and subject to interpretation. Defendants admit that much of Plaintiff's experience appears to be from hands-on work experience or on-the-job

training.

18. Answering Paragraph 18, Defendants admit that Plaintiff notified Ms. Forhan on or about January 10, 2024 of her pregnancy. Defendants lack knowledge or information sufficient to form a belief as to the date Plaintiff became pregnant.

19. Answering Paragraph 19, Defendants admit Plaintiff was the Director of Payroll and Benefits at the time of her termination. Defendants further admit there were two roles – Lead Payroll and Benefits Administrator and a vacant position for Senior Payroll Technician – who would report to Plaintiff as Director.

20. Answering Paragraph 20, Defendants deny Ms. Forhan directed Plaintiff to add a Manager position after January 10, 2024. Defendants admit Ms. Forhan directed Plaintiff to hire for a Manager position.

21. Answering Paragraph 21, Defendants admit that Ms. Forhan instructed Plaintiff to mirror the duties and responsibilities of the new Manager position with those of Plaintiff's then-current role as Director. It was determined by Ms. Forhan that the then-current roles of Plaintiff's Director position were more aligned with those of a manager-level position. Defendants further admit that it was explained to Plaintiff the role of Plaintiff's position would expand in scope to more align the roles and responsibilities of`a director-level position.

22. Answering Paragraph 22, Defendants admit the Payroll and Benefits Manager position was posted on February 9, 2024. Defendants affirmatively assert

this posting was made after Plaintiff had failed to post it previously. Defendants deny the remaining allegations in Paragraph 22.

23. Answering Paragraph 23, Defendants deny as worded. Defendants admit Ms. Forhan did take over hiring for the Payroll and Benefits Manager position, but only after Plaintiff had asked for help and had failed to make progress in hiring for the position when she was in charge of doing so.

24. Answering Paragraph 24, Defendants deny that the February 28, 2024, meeting with Plaintiff was scheduled by Plaintiff "to discuss her health care status and reasonable accommodations due to her pregnancy." Defendants admit that Plaintiff was not notified prior to the meeting of her termination. Defendants admit Plaintiff was notified her termination would be effective March 1, 2024.

25. Answering Paragraph 25, Defendants admit that Plaintiff was advised that her termination was due to cost-saving restructuring. Defendants deny Plaintiff was "assured that her termination was solely due to costs and not the result of any performance related issues."

26. Answering Paragraph 26, Defendants admit, upon information and belief, that Plaintiff's primary work location was Silver Bow County, Montana at the time of her termination.

27. Answering Paragraph 27, Defendants deny as worded. Defendants affirmatively assert Plaintiff's access to systems was terminated on February 28,

2024, and she was notified of the same in a letter of the same date, but Plaintiff was not terminated in the system until March 1, 2024, so that she would maintain healthcare coverage through the month of March. Defendants admit Plaintiff was instructed, on February 28, 2024, to not perform any further work.

28. Answering Paragraph 28, Defendants admit it was aware of Plaintiff's pregnancy at the time of her termination. Defendants deny it was aware Plaintiff was "especially vulnerable" at the time of her termination.

29. Answering Paragraph 29, Defendants admit it hired an employee to fill the Payroll & Benefits Manager position after Plaintiff's termination.

30. Answering Paragraph 30, Defendants admit the Payroll & Benefits Manager started on March 4, 2024. Defendants deny the remainder of the allegations in Paragraph 30.

31. Answering Paragraph 31, Defendants admit it denied Plaintiff's counsel's request for employment documents, including information related to ownership interests in UC Management Investments, LLC.

32. Answering Paragraph 32, Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 and therefore deny the same. Defendants further deny Paragraph 32 to the extent it contains legal conclusions and not factual allegations.

33. Answering Paragraph 33, Defendants lack knowledge or information

sufficient to form a belief as to the allegations contained in Paragraph 33 and therefore deny the same.

34. Answering Paragraph 34, Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 and therefore deny the same.

35. Answering Paragraph 35, Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 and therefore deny the same.

36. Answering Paragraph 36, Defendants admit Under Canvas withheld $421.14 in wages from Plaintiff's final paycheck. Defendants deny the entirety of Plaintiff's benefits terminated March 1, 2024: her health insurance benefits continued until March 31, 2024. Defendants admit, of the amount withheld, $341.14 was for benefit premiums and $80 was related to an expense. Defendants deny Ms. Forhan instructed Plaintiff to incur the expense.

37. Answering Paragraph 37, Defendants admit Plaintiff was reimbursed $170.57 due to a payroll error. This amount was reimbursed prior to the filing of this lawsuit. Defendants further admit Under Canvas paid Plaintiff $80 for an expense after her termination. This amount was also paid prior to the filing of this lawsuit. Defendants deny that they refused to pay Plaintiff any remaining unpaid wages; the remaining $170.57 was properly withheld.

38. Answering Paragraph 38, Defendants admit Plaintiff's ancillary benefits terminated upon Plaintiff's March 1, 2024 separation. However, Defendants deny that her health insurance benefits terminated on her discharge: her health insurance benefits continued until March 31, 2024, and the $341.14 amount reflects the health insurance premiums for the month of March, 2024. Defendants deny the remainder of the allegations in Paragraph 38.

39. Answering Paragraph 39, Defendants deny insofar as it is inconsistent with Plaintiff's pay statements; Plaintiff's pay statements speak for themselves and are the best evidence of their terms/withholdings.

40. Answering Paragraph 40, Defendants deny insofar as it is inconsistent with Plaintiff's pay statements; Plaintiff's pay statements speak for themselves and are the best evidence of their terms/withholdings.

41. Answering Paragraph 41, Defendants deny insofar as it is inconsistent with Plaintiff's pay statements; Plaintiff's pay statements speak for themselves and are the best evidence of their terms/withholdings.

42. Answering Paragraph 42, Defendants deny Plaintiff's health insurance benefits terminated on March 1, 2024. Defendants admit $341.14 was withheld in order to provide Plaintiff health insurance benefits for the month of March, 2024. Defendants deny the remainder of Paragraph 42.

43. Answering Paragraph 43, Defendants deny Plaintiff's benefits

terminated on March 1, 2024. Defendants admit $341.14 was withheld in order to provide Plaintiff health insurance benefits for the month of March, 2024. Defendants deny the remainder of Paragraph 43.

**COUNT I – WRONGFUL DISCHARGE**

44. Answering Paragraph 44, Defendants incorporate their answers to Paragraphs 1 – 43, above, as if fully set forth herein.

45. Answering Paragraph 45, Defendants state that Paragraph 45 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny they violated any law, and deny that Paragraph 45 reflects a complete recitation of the law.

46. Answering Paragraph 46, Defendants state that Paragraph 46 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny they violated any law, and deny that Paragraph 46 reflects a complete recitation of the law.

47. Answering Paragraph 47, Defendants state that Paragraph 47 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny they violated any law, and deny that Paragraph 47 reflects a complete recitation of the law.

48. Answering Paragraph 48, Defendants deny.

49. Answering Paragraph 49, Defendants admit that, after Plaintiff's

termination, it hired an individual for the Payroll and Benefits Manager position, a different position than the one Plaintiff had at the time of her termination. Defendants deny the remainder of the allegations in Paragraph 49.

50. Answering Paragraph 50, Defendants deny. Defendants admit Ms. Forhan directed Plaintiff to hire for a Manager position.

51. Answering Paragraph 51, Defendants deny.

52. Answering Paragraph 52, Defendants deny.

## COUNT II – WAGE CLAIM

53. Answering Paragraph 53, Defendants incorporate their answers to Paragraphs 1 – 52, above, as if fully set forth herein.

54. Answering Paragraph 54, Defendants state that Paragraph 54 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny they violated any law, and deny Paragraph 54 reflects a complete recitation of the law.

55. Answering Paragraph 55, Defendants state that Paragraph 55 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny they violated any law, and deny Paragraph 55 contains a complete recitation of the law.

56. Answering Paragraph 56, Defendants state that Paragraph 56 contains a legal conclusion to which no response is required. To the extent a response is

required, Defendants deny they violated any law, and deny Paragraph 56 contains a complete recitation of the law.

57. Answering Paragraph 57, Defendants state that Paragraph 57 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny they violated any law, and deny Paragraph 57 contains a complete recitation of the law.

58. Answering Paragraph 58, Defendants deny.

59. Answering Paragraph 59, Defendants deny.

60. Answering Paragraph 60, Defendants deny.

## COUNT III – DECLARATORY JUDGMENT

61. Defendants incorporate their answers to Paragraphs 1 – 60, above, as if fully set forth herein. Answering Paragraph 61, Defendants state that Paragraph 61 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny Paragraph 61 contains a complete recitation of the law.

62. Answering Paragraph 62, Defendants state that Paragraph 62 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny Paragraph 62 contains a complete recitation of the law.

***Constitutionality of Unemployment Offset***

63. Answering Paragraph 63, Defendants state that Paragraph 63 contains

a legal conclusion to which no response is required. To the extent a response is required, Defendants deny Paragraph 63 contains a complete recitation of the law.

64. Answering Paragraph 64, Defendants state that Paragraph 64 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny Paragraph 64 contains a complete recitation of the law.

65. Answering Paragraph 65, Defendants state that Paragraph 65 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny Paragraph 65 contains a complete recitation of the law.

66. Answering Paragraph 66, Defendants state that Paragraph 66 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny Paragraph 66 contains a complete recitation of the law.

***Construction of Managerial or Supervisory Employee***

67. Answering Paragraph 67, Defendants state that Paragraph 67 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny Paragraph 67 contains a complete recitation of the law.

68. Answering Paragraph 68, Defendants state that Paragraph 68 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny Paragraph 68 contains a complete recitation of the law.

69. Answering Paragraph 69, Defendants state that Paragraph 69 contains a legal conclusion to which no response is required. To the extent a response is

required, Defendants deny.

70. Answering Paragraph 70, Defendants state that Paragraph 70 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

71. Answering Paragraph 71, Defendants state that Paragraph 71 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

***Constitutionality of Damage Limitations***

72. Answering Paragraph 72, Defendants state that Paragraph 72 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny Paragraph 72 contains a complete recitation of the law.

73. Answering Paragraph 73, Defendants state that Paragraph 73 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

***After-Acquired Evidence Not Available under Montana Law***

74. Answering Paragraph 74, Defendants state that Paragraph 74 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

75. Answering Paragraph 75, Defendants admit Plaintiff's position was eliminated due to costs. Defendants further state that the remaining allegations of

Paragraph 75 contain a legal conclusion to which no response is required. To the extent a response is required to those remaining allegations, Defendants deny.

76. Answering Paragraph 76, Defendants state that Paragraph 76 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny Paragraph 76 contains a complete recitation of the law.

77. Answering Paragraph 77, Defendants state that Paragraph 77 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

78. Answering Paragraph 78, Defendants state that Paragraph 78 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

79. Answering Paragraph 79, Defendants state that Paragraph 79 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

**ALTERNATIVE AND CONDITIONAL COUNT IV-WRONGFUL DISCHARGE**

80. Answering Paragraph 80, Defendants incorporate their answers to Paragraphs 1 – 79, above, as if fully set forth herein.

81. Answering Paragraph 81, Defendants state that Paragraph 81 contains a legal conclusion to which no response is required. To the extent a response is

required, Defendants deny.

82. Answering Paragraph 82, Defendants deny that any wrongful discharge took place; denies the characterization of what Plaintiff thinks Plaintiff's damages, if any, should be. Defendants further state that Paragraph 82 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

**AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Defendants terminated Plaintiff for good cause.

3. Defendants maintained the broadest discretion in terminating Plaintiff as a managerial or supervisory employee.

4. Plaintiff has failed to mitigate her damages.

5. Defendants are entitled to credit or offset, as well as other limitations on any damages, pursuant to Mont. Code Ann. § 39-2-905.

6. Defendants acted in good faith.

7. Defendants made full payment of Plaintiff's wages.

8. Plaintiff's cause of action for wrongful discharge is barred by Mont. Code Ann §§ 39-2-912 and 49-2-512.

9. Plaintiff's request for non-wage or non-fringe benefit damages is improper pursuant to Mont. Code Ann. § 39-2-905.

10. Defendants Forhan and Rush were not Plaintiff's employer and are not proper parties.

11. Plaintiff's alleged damages for back pay and front pay, if any, are limited by after-acquired evidence of wrongdoing.

12. Plaintiff's Second Amended Complaint fails to state a claim for relief that would entitle Plaintiff to punitive damages or equitable relief under Montana law. However, in the event punitive damages are considered, any award of punitive damages must be consistent with standards expressed in *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and the cases cited therein, including but not limited to the enunciated standards of entitlement to punitive damages and the amount and calculation of such damages without violating the Fifth, Sixth, and Eighth Amendments, the Due Process and Equal Protection clause of the Fourteenth Amendment of the Constitution of the United States of America, as well as Sections 4, 17, and 25 of Article II of the Constitution of the State of Montana.

13. Plaintiff's Second Amended Complaint, in whole or in part, is barred by the doctrine of unclean hands.

14. Defendants reserve the right to assert any and all other affirmative defenses that become known through discovery and investigation during this litigation.

**DEFENDANT UNDER CANVAS INC.'S COUNTERCLAIM AGAINST PLAINTIFF**

Defendant and Counterclaimant Under Canvas, Inc., by and through its undersigned counsel, counterclaims and alleges against Plaintiff and Counterclaim Defendant Alysha Jeffery as follows:

**THE PARTIES**

1. Defendant/Counterclaimant Under Canvas, Inc. ("UC") is a corporation organized under the laws of Delaware and authorized to do business in Montana.

2. Plaintiff/Counterclaim Defendant Alysha Jeffery ("Jeffery") is an individual who claims to reside in Silver Bow County, Montana.

**JURISDICTION AND VENUE**

3. Jurisdiction and venue are proper in this Court because the actions, omissions, and other conduct alleged against Jeffery occurred, on information and belief, in Silver Bow County, Montana.

4. This Court has supplemental jurisdiction of this counterclaim pursuant to 28 U.S.C § 1367 because it is so related to the claims in the Second Amended Complaint that they form part of the same case or controversy pursuant to Article III of the United States Constitution, and such supplemental jurisdiction is not inconsistent with the jurisdictional requirements of 28 U.S.C § 1332.

## FACTS

5. Jeffery was Director of Payroll and Benefits at UC from October of 2022 until her termination date of March 1, 2024. Prior to October of 2022, she was employed by UC as Payroll and Benefits Manager from April 19, 2021 until October of 2022.

6. In her capacity as both Payroll and Benefits Manager and Director of Payroll and Benefits, Jeffery had access to highly confidential information and trade secrets, such as salary budgets, operating budgets, and payroll expenses.

7. Precisely because of her access to trade secrets and other highly confidential information, Jeffery was required, as part of the terms of her employment, to agree to UC's confidentiality policies, and did in fact agree to such policies: she signed an agreement to these policies. These policies forbade Jeffery from, inter alia (1) revealing confidential information to unauthorized persons; (2) using or divulging confidential information for any purpose other than those required by her job duties; (3) downloading confidential information; (4) retaining confidential information upon leaving employment with UC. Jeffery, per UC's confidentiality policies to which she agreed and under which she had a fiduciary duty, was required to return any confidential information in her possession upon leaving employment.

8. On February 28, 2024, UC informed Jeffery that her position as

Director of Payroll and Benefits was terminated. At or around this time, she was reminded that she was required to return, and not retain, any confidential information in her possession.

9. On or around that time, Jeffery downloaded and took into her possession confidential information and trade secrets, including but on information and belief not limited to, UC's 2024 salary budget data. Jeffery retained that trade-secret data after leaving employment with UC, and, on information and belief, continues to possess that trade-secret data.

10. On or around July 22, 2024, Jeffery filed a complaint with the Human Rights Bureau of Montana's Department of Labor and Industry, wherein she alleged unlawful termination by UC on the basis of her sex and pregnancy status (hereafter, the "Administrative Proceedings"). The Administrative Proceedings were not confidential.

11. On or around September 5, 2024, UC filed its Response in the Administrative proceedings, denying Jeffery's claims and denying she was unlawfully terminated. UC maintained, and still maintains, that Jeffery's position was eliminated primarily for cost saving reasons.

12. Thereafter, on or about September 30, 2024, Jeffery, in her Rebuttal to UC's Response, attached UC's "2024 Salary Budget", a highly confidential trade secret document that was subject to UC's confidentiality policies and which Jeffery

had agreed to keep confidential.

13. Jeffery disclosed the 2024 Salary Budget in the Administrative Proceedings which are not confidential, and she did not bother to have the 2024 Salary Budget filed under seal.

14. Jeffery has made posts on social media, publicizing the Administrative Proceedings and drawing attention to them. This publication threatens further exposure of the 2024 Salary Budget that Jeffery disclosed in the Administrative Proceedings.

15. On information and belief, Jeffery possesses other of UC's trade secrets.

**COUNT I – ACTUAL AND THREATENED MISAPPROPRIATION OF TRADE SECRETS – MONTANA UNIFORM TRADE SECRETS ACT**

16. UC incorporates the foregoing paragraphs of its Counterclaim by reference as though fully set forth herein.

17. During her employment with UC, Jeffery had access to UC's confidential information and trade secrets, which confidential information and trade secrets have demonstrable economic value by being generally not known to, and not readily ascertainable by proper means by, the public or others, including UC's competitors, which could profit by using or disclosing the same.

18. UC made reasonable efforts under the circumstances to maintain the

secrecy and confidentiality of its confidential information and trade secrets.

19. Jeffery improperly acquired, used, and/or retained UC's confidential information and trade secrets.

20. On information and belief, Jeffery has used, disclosed, and/or threatened to use or disclose, UC's trade secrets without the consent of UC.

21. Due to Jeffery's actual and/or threatened misappropriation of UC's trade secrets, UC has suffered and will continue to suffer irreparable harm, damage, and/or loss, including but not limited to the loss of the value of UC's trade secrets.

22. The foregoing paragraphs establish a violation of the Montana Uniform Trade Secrets Act, Mont. Code Ann. § 30-14-401, et seq.

23. UC is entitled to an award of damages, pursuant to Mont. Code Ann. § 30-14-404, in an amount to be determined at trial.

24. UC is entitled to any further relief available under Montana's Uniform Trade Secrets Act, Mont. Code Ann. § 30-14-401, et seq., including but not limited to a court order compelling affirmative acts by Jeffery to protect UC trade secrets, as well as costs and attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant/Counterclaimant Under Canvas, Inc. respectfully prays for relief from Plaintiff/Counterclaim Defendant Alysha Jeffery as follows:

1. That Jeffery take nothing by virtue of her Second Amended Complaint;

2. That Jeffery be awarded no affirmative relief and that the Second Amended Complaint be dismissed with prejudice;

3. That UC be awarded its fees, costs, and disbursements incurred herein to the full extent allowed by law;

4. That UC be awarded damages, in an amount to be determined at trial, for misappropriation of trade secrets;

5. That UC be awarded such other and further relief as the Court deems just and proper under the circumstances and law.

**DEMAND FOR JURY TRIAL**

COMES NOW Defendants and Counter-Plaintiff and demands a jury trial on all issues of fact in the above case.

Dated this 24th day of March, 2025.

GORDON REES SCULLY MANSUKHANI, LLP

*/s/ Michael P. Sarabia*
Nathan A. Huey
Michael P. Sarabia
*Attorneys for Defendants and Counterclaimant*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24th, 2025, I filed the foregoing via CM/ECF and caused a true and correct copy of the same to be sent via electronic mail to the following counsel of record:

Clark Hensley
HENSLEY LAW, PLLC
P.O. Box 4105
Butte, MT 59702
clark@hensleylawmt.com
*Attorney for Plaintiff and Counterclaim Defendant*

/s/ *Michael P. Sarabia*